■ MARIO BIGNAMI, Respondent, v. CARISTO CONSTRUCTION CORP., Appellant; ALPINE SHEET METAL & VENTILATING CO., INC., Respondent; and ALBERT JOHNSON, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, Caristo Construction Corp., defendant and third-party plaintiff, appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Nassau County, entered May 19, 1972, as (1) is in favor of plaintiff against said defendant on the issue of liability, upon a jury verdict, after trial on that issue only and (2) dismissed said defendant's third-party complaint against third-party defendant Albert Johnson, upon the trial court's decision. Interlocutory judgment modified, on the law, by striking therefrom the second decretal paragraph (which is in favor of third-party defendant Albert Johnson against appellant on the latter's third-party complaint) and substituting therefor a provision adjudging that third-party plaintiff Caristo Construction Corp. have recovery over against third-party defendant Albert Johnson for any damages for which Caristo Construction Corp. may be liable to plaintiff on the latter's complaint. As so modified, judgment affirmed insofar as appealed from, with costs to Caristo Construction Corp. against Albert Johnson and to plaintiff against Caristo Construction Corp. Plaintiff was injured while working in an auditorium of a school then under construction. Caristo Construction Corp. was the prime contractor for the general construction. Third-party defendant Albert Johnson, plaintiff's employer, was the carpentry subcontractor. In the course of his work, plaintiff erected a scaffold. It broke and he was injured when his hand struck a piece of metal which was lying on the floor. On this set of facts, it is clear that whether Caristo was liable for causing plaintiff's injury was an issue properly left to the jury (*Ithaca Trust Co.* v. *Driscoll Bros. & Co.*, 220 N. Y. 617; *Bergen* v. *East 84th St. Constr. Corp.*, 22 A D 2d 935, affd. 16 N Y 2d 644). Thus, we affirm the portion of the judgment based on the jury verdict in favor of plaintiff against Caristo. However, the agreement between Caristo and Albert Johnson expressly provided that the latter would indemnify Caristo for injuries resulting to Johnson's employees from any cause. Since plaintiff was an employee of Johnson, the latter, under its contract, is liable over to Caristo for any damages that plaintiff may recover against Caristo. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.