■ BRENTANO'S, INC., Respondent, v. CHARTER MANAGEMENT CORP., Appellant.— Order, Supreme Court, New York County, entered August 9, 1973, unanimously reversed, on the law, and the motion of defendant-appellant to dismiss the complaint granted and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The true party in interest in this suit by tenant against landlord for water damage to its property is the former's insurance carrier, as subrogee. The lease between the parties provides for each to carry its own insurance and to look thereto for coverage without any right of subrogation. Special Term regarded this agreement as void as in violation of section 5–321 of the General Obligations Law. It is not. (See *Bandbox Sportswear* v. *Fashion Ware Realty Co.*, 33 A D 2d 537 and *614 Third Ave. Corp.* v. *Grand Iron Works*, 44 A D 2d 531.) " The subject contract is one indemnifying an owner [here read 'lessee'] for the latter's negligence and does not fall within the statute. Each participant in the contract was to procure insurance to cover his own risks. This is not to contract away liability." (*614 Third Ave.*, p. 531.) A fortiori, this is so here, where the lease provided further that if either party " is required to pay its insurer an additional premium for the waiver of subrogation of its rights * * * the [other] will pay such additional premium". Concur, McGivern, P. J., Markewich, Nunez and Macken, JJ.