■ CENVEN, INC., et al., Plaintiffs, v BETHLEHEM STEEL CORPORATION et al., Defendants. BETHLEHEM STEEL CORPORATION, Third-Party Plaintiff-Appellant, YOUNGSTOWN CARTAGE COMPANY, Third-Party Defendant-Respondent. —Judgment, Supreme Court, New York County, entered April 16, 1975 insofar as it dismissed the third-party complaint of third-party plaintiff Bethlehem Steel Corporation against third-party defendant Youngstown Cartage Company, reversed, on the law and the facts, and judgment directed in favor of said third-party plaintiff against third-party defendant. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The operation of raising the steel beams from third-party defendant's truck to

the place of storage on the 28th floor of the building under construction constitutes "loading and unloading" as defined in *Wagman v American Fid. & Cas. Co.*, 304 NY 490; and *Lamberti v Anaco Equip. Corp.*, 16 AD2d 121), and is thus covered by the indemnity agreement. The indemnity agreement was not invalid under section 5-323 of the General Obligations Law. *(Fuller Co. v Fischbach & Moore*, 7 AD2d 33, 34.) Section 5-322.1 of the General Obligations Law effective in August, 1975 is inapplicable. Concur—Murphy, J. P., Lupiano, Burns and Silverman, JJ.; Nunez, J., would affirm for the reasons stated by Whitman, J. Settle order on notice.