■ BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF BROOKHAVEN, Appellant, v VALDEN ASSOCIATES, INC., et al., Respondents, et al., Defendants. (Action No. 1.) BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF BROOKHAVEN, Appellant, v ALDORO ELECTRIC CORP., Respondent, et al., Defendants. (Action No. 2.)—In actions to recover for damages to plaintiff's property, the appeal is from an order of the Supreme

Court, Suffolk County, dated January 17, 1977, which (1) granted the motions of defendants Valden Associates, Inc., Harold McKay and Aldoro Electric Corp. for summary judgment and (2) denied its cross application to strike the affirmative defense that the actions are barred by contract. Order affirmed, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. The subject agreement provides, *inter alia,* that "Owner, Contractor, and all subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance * * * except such rights as they may have to the proceeds of insurance". That provision is not invalid under section 5-323 of the General Obligations Law. It is not a contracting away of liability, but only of subrogation rights; the plaintiff owner's damages have been fully covered by the fire insurance proceeds and this 1969 agreement was the result of an arm's length transaction (see *Brentano's Inc. v Charter Mgt. Corp.,* 46 AD2d 861; *St. Vincent's Med. Center of Richmond v Vincent E. Iorio, Inc.,* 78 Misc 2d 968; see, also, *Ceven, Inc. v Bethlehem Steel Corp.,* 51 AD2d 955, affd 41 NY2d 842). Latham, J. P., Margett, Damiani and Rabin, JJ., concur.