■ JOSEPH J. ROVNAK, Plaintiff, v UNION CARBIDE CORPORATION, LINDE DIVISION, Defendant and Third-Party Respondent-Appellant. MACANDEE CORPORATION, Now Known as A. E. ANDERSON CONSTRUCTION CORPORATION, Third-Party Appellant-Respondent.—Order and judgments unanimously affirmed, with costs. Denman, J., not participating. Memorandum: Third-party defendant Macander Corporation contends that the indemnification provision contained in its contract, dated September 7, 1966, with third-party plaintiff Union Carbide, is void as violative of public policy. Alternatively, it is argued that the provision is inapplicable in the circumstances of decedent's accident. The indemnification clause provides that the contractor (Macander) agrees to indemnify the owner (Union Carbide) against all liabilities "for bodily injury * * * sustained by any employee of the Contractor, * * * while in, on or about the premises of the Owner or the site of the Work whether or not arising out of or in any way connected with the Contract or with the Contractor's performance thereunder, and whether or not such injury * * * is due to any negligence * * * on the part of the Owner". It has been established that the injuries to the decedent, Joseph Rovnak, an employee of Macander, were sustained by him on Union Carbide's work site at the premises of Bethlehem Steel Corporation while he was working in a large pipe or "silencer" which Macander was in the process of extending for Union Carbide; and that Union Carbide's negligence caused the accident. The language of the agreement unequivocally demonstrates the intention to indemnify Union Carbide against its own negligence. Such agreements are enforceable *(Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 158-159). Although the contract requires indemnification regardless of whether the injury is "in any way connected with the Contract or with the Contractor's performance thereunder", the coverage of the indemnity provision is restricted to Macander's employees and to injuries occurring on Union Carbide's premises or at the work site. A comparable indemnification clause has been upheld (see *Bignami v Caristo Constr. Corp.,* 42 AD2d 600). We find no basis for invalidating the indemnification clause

here, particularly since the silencer work in which Rovnak was engaged was connected with the contract. Macander's reliance upon section 5-322.1 of the General Obligations Law as showing that the indemnity provision contravenes public policy fails adequately to consider subdivision 2 of that statute which expressly limits its applicability to agreements made after August 7, 1975 *(Cenven, Inc. v Bethlehem Steel Corp.,* 51 AD2d 955, affd 41 NY2d 842). Indemnity provisions shifting liability to nonnegligent indemnitors which were contained in agreements made prior to that date were upheld (see, e.g., *Levine v Shell Oil Co.,* 28 NY2d 205). Macander's argument that the indemnification clause is inapplicable is based on the fact that the original contract between it and Union Carbide makes no reference to and did not include the silencer work. It is claimed that this work was not performed under the contract either as a change pursuant to section 29 of the contract, or as a modification pursuant to section 30 thereof. Although section 29 requires that a written order be delivered to the contractor prior to the start of the work constituting the change, prior delivery is required only as a condition of compensation by the owner. It is apparent that this section of the contract does not compel the owner to issue a written order for additional work so as to qualify such work as a change. Section 30 of the contract, labeled "Modification", provides: "With the exception of changes, additions and/or omissions made under the provisions of Section 29 hereof, no change in, addition to, or waiver of the terms and conditions of the Contract shall be binding upon either party unless in writing signed by an authorized representative of such party." Three writings, denominated amendments 4, 5 and 7, relating to the silencer work, were received in evidence. Each refers to the original contract, by number, and specifically states that "ALL THE TERMS AND CONDITIONS OF SAID CONTRACT, AS HERETO-FORE AMENDED, SHALL REMAIN IN FULL FORCE AND EFFECT." The amendments describe work which had previously been completed and unless they are construed to mean that the silencer work is subject to the terms and conditions of the original contract, they are meaningless. Although the amendments bear "effective" dates subsequent to the date of the accident, section 30 does not require a prior writing and therefore we conclude that the amendments express the intention of the parties and constitute modifications in accord with the provisions of the contract. (Appeals from order and judgments of the Erie Supreme Court—indemnification.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer, JJ.