■ MICHAEL RANDALL, Respondent, v BOARD OF HIGHER EDUCATION IN THE CITY OF NEW YORK, Appellant, and IMSG SYSTEMS, INC., Respondent.— Order, Supreme Court, New York County, entered June 5, 1979, granting reargument of defendant board of higher education's motion for leave to amend its cross claim, and upon such reargument, adhering to the original decision granting such leave but deleting paragraph 2 of the proposed amended cross claim and paragraph b of the "WHEREFORE" clause, is reversed to the extent appealed from, on the law and the facts, without costs and without disbursements, and said defendant-appellant board's motion for leave to amend its cross claim is granted *in toto* without such deletions. The codefendant, IMSG Systems, Inc. (IMSG), against whom the cross claim is asserted, had apparently installed a photocopying machine at Hunter College, one of the colleges of the board. The complaint alleges negligence on the part of IMSG in placing a defective chemical fluid in the machine with a wrong flash point, as a result of which the machine, after a certain time, would explode and cause a fire. The complaint also alleges negligence on the part of the board in that the door to the room in which the machine was kept was warped so that it would jam and the door could not be opened by keys or normal means and the door would have to be forced open and broken down. The complaint alleges that an explosion and fire occurred with respect to the photocopying machine; that the door jammed and an occupant was trapped in the room; and that while plaintiff knocked out the lock of the door and rescued the occupant, plaintiff sustained severe personal injuries. In its cross claim against IMSG, the board alleges an indemnification clause in the contract between the board and IMSG whereby IMSG agreed to hold the board harmless against injuries and damages "whether due to the negligence, fault or any act of omission or commission of the Board of Higher Education or the City of New York or otherwise." By paragraph 2 of the amended cross claim and b of the "WHEREFORE" clause, the board sought indemnification under this contractual provision for any liability to plaintiff. Special Term refused to permit the amended cross claim to include this claim for full indemnification on the ground that by such an agreement the board was holding itself harmless from any damages even though the board might be overtly negligent and that this was a violation of section 5-321 of the General Obligations Law. We disagree. To begin with, section 5-321 of the General Obligations Law relates only to agreements in connection with "any lease of real property", which this is not. Further, it relates to "exempting" the lessor from liability for damages. The present clause does not "exempt" the board from liability to the injured party. It is rather a provision whereby the board and IMSG "are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance." *(Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 161), which has been held not to be a violation of this statute (see, also, *Gross v Sweet,* 49 NY2d 102, 108). Nor does the provision appear to be a violation of related provisions of sections 5-322, 5-322.1, 5-323 and 5-325 of the General Obligations Law. We would note also that in general it is perhaps inadvisable to decide complicated or doubtful questions of substantive law by the procedural device of denying a motion to interpose an amended pleading designed to present those questions. Concur—Birns, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.