■ EXTAZA OF 34TH STREET, Respondent, v CITY STORES Co., INC., Appellant. — Order, Supreme Court, New York County (Alfred M. Ascione, J.), entered April 4, 1983, denying the defendant-appellant's motion for summary judgment dismissing the complaint, affirmed, with costs and disbursements. We find the lease clause described in the dissent to be void under section 5-321 of the General Obligations Law. A substantially similar clause was struck down in *Graphic Arts Supply v Raynor* (91 AD2d 827) for the same lack of mutuality that we find here. The language there (p 828) is likewise applicable here: "Nothing in the agreement before us suggests any bilateral participation. If the instant agreement were held valid, landlords could circumvent the intent of the legislation merely by inserting in the lease a requirement that the tenant obtain insurance". The opinion in *Graphic Arts* expressly distinguished the three cases relied upon by our dissenting brother, a distinction to which we subscribe. Concur — Asch, J. P., Bloom, Lynch and Alexander, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant defendant's motion for summary judgment. This is an action in subrogation brought nominally in the name of the tenant but for the benefit of the tenant's insurance carrier against the landlord to recover for water damage to the tenant's property. The lease provided explicitly for the tenant to procure extended coverage insurance covering its property, and also provided "Landlord shall be named as additional insured in said policies of insurance and said policies shall contain waivers of subrogation against Landlord." Tenant's insurance policy provided in part: "SUBROGATION: (a) any release from liability entered into in writing by the Insured prior to loss hereunder shall not affect this policy or the right of the Insured to recover hereunder." Special Term was of the opinion that the lease clause was void under section 5-321 of the General Obligations Law. However, as this is not an action for the benefit of the tenant but a subrogation action on behalf of the tenant's insurer, I think the action is not barred by the statute. This court's decision in *Brentano's, Inc. v Charter Mgt. Corp.* (46 AD2d 861 [cited with approval in *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 161]) seems to me dispositive. In that case, this court said: "The true party in interest in this suit by tenant against landlord for water damage to its property is the former's insurance carrier, as subrogee. The lease between the parties provides for each to carry its own insurance and to look thereto for coverage without any right of subrogation. Special Term regarded this agreement as void as in violation of section 5-321 of the General Obligations Law. It is not * * * 'The subject contract is one indemnifying an owner [here read "lessee"] for the latter's negligence and does not fall within the statute. Each participant in the contract was to procure insurance to cover his own risks. This is not to contract away liability.' " (See, also, *Board of Educ. v Valden Assoc.,* 60 AD2d 617, affd 46 NY2d 653.)