◼ DEMETRIOS CIDIS, Respondent, v NET REALTY HOLDING TRUST, Appellant.—In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 22, 1987, which denied its motion to dismiss the complaint and denied its request to interpose a counterclaim for indemnification.

Ordered that the order is modified, on the law, with costs, by deleting the provision thereof which denied that branch of the defendant's motion which was for leave to interpose a

counterclaim for indemnification and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the defendant's proposed amended answer is deemed served.

After water pipes froze causing damage in property leased by the plaintiff tenant and owned by the defendant landlord, the plaintiff who covenanted to procure insurance naming the defendant as an additional insured made a claim and was reimbursed for the water damage sustained. Subsequently, the insurer as subrogee commenced suit against the defendant in the plaintiff's name alleging that the negligence of the defendant was the proximate cause of the water damage sustained. The lease provided, in pertinent part, that "Tenant waives its rights of subrogation against landlord for any reason whatsoever, and all insurance policies shall contain an express waiver of any right of subrogation by the insurance company with respect to landlord". The plaintiff failed to comply with the latter portion of the foregoing provision of the lease.

Thereafter, the defendant landlord moved for summary judgment contending, *inter alia,* that the plaintiff's failure to obtain the subrogation waiver clause constituted a breach of the lease and a complete defense to the suit. Alternatively, the defendant sought leave to interpose a counterclaim for indemnification. In opposition to the motion, the plaintiff argued, *inter alia,* (1) that the presence of the provision in question established that the lease was a "contract of 'adhesion' ", and (2) that the waiver of subrogation clause was void as against public policy and violated General Obligations Law § 5-321, in that its effect was to impermissibly immunize the landlord from liability for its own negligence. The Supreme Court denied the defendant's motion for summary judgment and similarly denied the defendant's alternate request that it be permitted to interpose a counterclaim for indemnity premised upon the plaintiff's failure to obtain the waiver of subrogation. The court did, however, grant the defendant leave to serve an amended pleading alleging, *inter alia,* the plaintiff's breach of the lease as an affirmative defense. We modify the order appealed from by granting the defendant leave to interpose a counterclaim for indemnity.

It has been held that, absent any indication of overreaching or unconscionability, a waiver of subrogation rights provision is not violative of the General Obligations Law or any other public policy *(see, Interested Underwriters v Ducor's, Inc.,* 103 AD2d 76, 77, *affd* 65 NY2d 647; *see also, Board of Educ. v Valden Assocs.,* 46 NY2d 653, 657; *Randall v Board of Higher*

*Educ.,* 78 AD2d 516; *Brentano's, Inc. v Charter Mgt. Corp.,* 46 AD2d 861; *cf., Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153). We note, moreover, that the plaintiff's opposition papers offer only conclusory and vague allegations in support of the claim that the lease was the product of overreaching.

Further, it is significant that unlike other lease provisions which have been reviewed by the courts, the lease at bar does not contain an indemnification clause or a provision which prohibits the tenant from asserting direct claims against the landlord premised upon the landlord's negligence *(see e.g., Hogeland v Sibley, Lindsay & Curr Co., supra,* at 156-157; *Metropolitan Art Assocs. v Wexler,* 118 AD2d 548; *Graphic Arts Supply v Raynor,* 91 AD2d 827; *cf., La Vack v National Shoes,* 124 AD2d 352). Indeed, the lease unqualifiedly provides in this respect that the "Landlord or its agents shall not be liable for any damage to property of tenant * * * unless caused by or due to the negligence of Landlord, its agents, servants or employees".

Although we regard the plaintiff's contentions in opposition to the motion to be lacking in merit, granting the defendant's application for summary judgment would preclude the insurer —not a party to the lease—from pursuing its subrogation claim, while at the same time insulating the plaintiff from further liability despite its alleged breach of the lease. In light of the foregoing, the appropriate remedy under the circumstances is to modify the order appealed from and grant the defendant's alternative request for leave to interpose a counterclaim against the plaintiff for indemnity. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.