■ INSURANCE COMPANY OF NORTH AMERICA, Appellant, v BORSDORFF SERVICES, INC., et al., Defendants and Third-Party Plaintiffs, and ROBERT H. ARNOW et al., Respondents and Third-Party Defendants. [639 NYS2d 816]

The lease provisions whereby the landlord and tenant agreed to obtain fire insurance policies with waiver of subrogation provisions barring one party's insurer from bringing a subrogation action against the other party to recover amounts paid out under the insurance policy, is valid and enforceable, as an allocation of risk provision, and thereby precludes this subrogation claim (*see, Brentano's, Inc. v Charter Mgt. Corp.,* 46 AD2d 861; *Cidis v Net Realty Holding Trust,* 143 AD2d 720). Contrary to plaintiff's argument that the waiver of subrogation provision was one-sided, both the landlord and the tenant agreed to procure insurance for their respective risks in the event of a fire (*cf., Graphic Arts Supply v Raynor,* 91 AD2d 827).

We also note that while SWA was not specifically mentioned in the waiver of subrogation provision of the lease, a reading of the lease, as a whole, demonstrates that it was the intent of the parties to the lease that both the landlord Arnow and the management company, SWA, be protected equally (*see, Pilsener Bottling Co. v Sunset Park Indus. Assocs.,* 201 AD2d 548). Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.