■ GENERAL ACCIDENT INSURANCE COMPANY, Appellant, v 80 MAIDEN LANE ASSOCIATES et al., Respondents. [675 NYS2d 85] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about October 25, 1996, which granted defendants' motion for summary judgment dismissing this action as barred by the waiver of subrogation clause contained in the parties' lease agreement, unanimously affirmed, with costs.

Chapdelaine & Co., plaintiff's subrogor, entered into a commercial lease for the rental of space in an office building of which defendants are the owner and managing agent respectively. Paragraph 9 (e) of the lease, entitled "Destruction, Fire and other Casualty", provides, in pertinent part, that in the event of any fire or other casualty loss, each party would look first to any insurance in its favor before making any claim against the other party for such loss and that "Owner and Tenant each hereby releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation".

On January 28, 1994, the tenant's computer equipment was damaged due to an electrical fire, which caused a power failure in the building, resulting in the tenant's claim for its property damage and business interruption loss.

In granting defendants summary judgment dismissing plaintiff's action to recover the amount paid to its insured, the IAS Court found that the waiver of subrogation clause is applicable to damage to personal property and, while the tenant was not obligated under the lease to obtain insurance for business interruption loss, it did so, thereby releasing and waiving any right to recover against defendants.

We agree.

Here, the anti-subrogation clause, which applies to any

"recovery for loss or damage resulting from fire or other casualty", is broad enough to cover the type of loss suffered by the tenant (*see*, *Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660). Likewise, although the defendant managing agent was not specifically mentioned in the anti-subrogation clause, a reading of the lease as a whole indicates that its provisions are intended to apply to both the owner and its managing agent (*see*, *Insurance Co. v Borsdorff Servs.*, 225 AD2d 494).

We decline to consider appellant's argument, raised for the first time on appeal, that the parties failed to comply with the additional term of the anti-subrogation clause, which provides that "[t]he foregoing release and waiver shall be enforced only if both releasors' insurance policies contain a clause providing that such a release or waiver shall not invalidate the insurance".

In any event, such language is clearly intended to assure mutuality of obligation. Inasmuch as plaintiff subrogee has already paid the tenant under its policy, which is silent on the issue, and the transfer of rights clause in the managing agent's policy does not preclude the parties' anti-subrogation agreement, such agreement to allocate the parties' risks is valid and enforceable. Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.