**AMERICAN MOTORIST INSURANCE COMPANY, as subrogee of Jodamo International, Ltd., and Chubb Custom Insurance Company, as subrogee of Jodamo International, Ltd., Plaintiffs,**

v.

**MORRIS GOLDMAN REAL ESTATE CORP. Defendant.**

**No. 03 Civ. 374(SAS).**

United States District Court,
S.D. New York.

Aug. 8, 2003.

James Abate, Clausen Miller P.C., New York City, for Plaintiffs.

Richard Dawson, Conway, Farrell, Curtin & Kelly, P.C., New York City, for Defendant.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

American Motorist Insurance Company ("American Motorist") and Chubb Custom Insurance Company ("Chubb Custom") (collectively "Insurers"), as subrogees of Jodamo International Ltd. ("Jodamo"), bring this subrogation action against Jodamo's landlord, Morris Goldman Real Estate Corp. ("Goldman"). Jodamo allegedly suffered property damage due to Goldman's inadequate maintenance of the leased premises. Goldman moves to dismiss this suit pursuant to the waiver of subrogation clause contained in Jodamo's lease. For the reasons stated below, the Insurers' Complaint is dismissed with leave to amend.

## I. BACKGROUND

This action arises from property damage suffered by Jodamo, the owner of a retail clothing store specializing in luxury mens clothing and accessories. American Motorist is an Illinois corporation and subrogee of Jodamo. Complaint ("Compl.") ¶ 1. Chubb Custom is a Delaware corporation

and also a subrogee of Jodamo. *Id.* ¶ 2. Goldman is a New York corporation. *Id.* ¶ 5.

On December 29, 1995, Jodamo and Goldman entered into a Lease Agreement, whereby Jodamo leased property from Goldman, at 321 Grand Street, New York, New York. *See* Lease Agreement, Attachment to 6/20/03 Letter to Court from Richard Dawson, attorney for Goldman. Clause 9(e) of the agreement, entitled "Destruction, Fire and Other Casualty," contains a waiver of subrogation clause providing that:

> Nothing contained hereinabove shall relieve [Jodamo] from liability that may exist as a result of damage from fire or other casualty. Notwithstanding the foregoing, *each party shall look first to any insurance in its favor before making any claim against the other party* for recovery for loss or damage resulting from fire or other casualty, and to the extent that such insurance is in force and collectible and to the extent permitted by law, [Goldman] and [Jodamo] each hereby releases and *waives all right of recovery* against the other or any one claiming through or under each of them *by way of subrogation* or otherwise.

*Id.* at ¶ 9(e) (emphases added).

On January 23, 2000, a portion of the store's wet pipe sprinkler system froze, ruptured, and discharged water. Compl. ¶ 16. The water ran for several hours and damaged Jodamo's inventory. *Id.* ¶¶ 18–19. As a result, the Insurers paid Jodamo an amount in excess of $430,000. *Id.* ¶ 19.

On January 16, 2003, the Insurers filed suit against Goldman for negligence and breach of contract. More specifically, the Complaint alleges that Goldman's negligent maintenance of the sprinkler system and the leased premises caused the water damage to Jodamo's property. *Id.* ¶¶ 22–24. The Complaint further alleges that Goldman was required under the Lease to properly maintain the sprinkler system and Goldman's negligence breached the contract. *Id.* ¶¶ 25–31. Goldman contends that the Insurers are not entitled to bring this action because Jodamo agreed, by executing the Lease, to waive any subrogation claims against Goldman. The Insurers, however, argue that the waiver of subrogation clause does not preclude claims of gross negligence or breach of contract.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.' " *Weixel v. Board of Educ. of New York*, 287 F.3d 138, 145 (2d Cir.2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (alterations omitted)). At the motion to dismiss stage, the issue " 'is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.' " *Phelps v. Kapnolas*, 308 F.3d 180, 184–85 (2d Cir.2002) (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998)).

The task of the court in ruling on a Rule 12(b)(6) motion is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Pierce v. Marano*, No. 01 Civ. 3410, 2002 WL 1858772, at *3 (S.D.N.Y. Aug. 13, 2002) (internal quotation marks and citations omitted). When deciding a motion to dismiss, courts must accept all factual alle-

gations in the complaint as true, and draw all reasonable inferences in plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). While courts may not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings. *See id.* at 152–53.

## III. PUBLIC POLICY AND GROSS NEGLIGENCE

### A. Exculpatory and Liability Limiting Clauses

██ "New York law generally enforces contractual provisions absolving a party from its own negligence." *Colnaghi, U.S.A. Ltd. v. Jewelers Prot. Services, Ltd.,* 81 N.Y.2d 821, 823, 595 N.Y.S.2d 381, 611 N.E.2d 282 (1993). *See also Sommer v. Federal Signal Corp.,* 79 N.Y.2d 540, 554, 583 N.Y.S.2d 957, 593 N.E.2d 1365 (1992). In addition to exculpatory clauses, parties may limit damages for negligence to an agreed-upon sum. *See Sommer,* 79 N.Y.2d at 554, 583 N.Y.S.2d 957, 593 N.E.2d 1365.

██ However, "it is the public policy of this State … that a party may not insulate itself from damages caused by *grossly* negligent conduct." *Id.* (citing *Kalisch–Jarcho, Inc. v. City of New York,* 58 N.Y.2d 377, 384–85, 461 N.Y.S.2d 746, 448 N.E.2d 413 (1983)) (emphasis added); *see also Charter Oak Fire Ins. Co. v. Trio Realty Co.,* No. 99 Civ. 10827, 2002 WL 123506, at *4 (S.D.N.Y. Jan. 31, 2002). "This applies equally to contract clauses purporting to exonerate a party from liability and clauses limiting damages to a nominal sum." *Sommer,* 79 N.Y.2d at 554, 583 N.Y.S.2d 957, 593 N.E.2d 1365. The rationale behind this policy is that the risk of harm to the public increases when contracting parties exempt themselves from liability for their intentional or reckless conduct.[1] *See* Restatement (Third) of Contracts § 195(1) cmt. a (1979). Accordingly, claims of gross negligence cannot be precluded under an exculpatory clause nor diminished under a liability limiting clause.

### B. Waiver of Subrogation Clauses

██ "Subrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse." *Kaf–Kaf, Inc. v. Rodless Decorations, Inc.,* 90 N.Y.2d 654, 660, 665 N.Y.S.2d 47, 687 N.E.2d 1330 (1997) (citing *Pennsylvania Gen. Ins. Co. v. Austin Powder Co.,* 68 N.Y.2d 465, 510 N.Y.S.2d 67, 502 N.E.2d 982 (1986)). However, an insurer cannot act as a subrogee if the insured has waived its claims against the third party. A waiver of subrogation clause is an allocation of risk provision, which places the ultimate risk of loss on the insurer. *See Insurance Co. of North America v. Borsdorff Servs., Inc.,* 225 A.D.2d 494, 639 N.Y.S.2d 816, 816 (1st Dep't 1996); *Viacom Int'l v. Midtown Realty Co.,* 193 A.D.2d 45, 602 N.Y.S.2d 326, 331 (1st Dep't 1993).

A typical waiver of subrogation clause requires the injured party to seek recovery for any loss from its insurer before bringing a claim against the other party. And to the extent that the insurance covers the loss, the damaged party waives its claim against the other party.[2] If the insurance does not provide complete coverage, the

---

**1.** *See e.g.,* Mary Ann Connell and Frederick G. Savage, *Releases: Is There Still a Place for Their Use by Colleges and Universities?,* 29 J.C. & U.L. 579, 604 (2003).

**2.** *See Travelers Indem. Co. of Connecticut v. Losco Group, Inc.,* 204 F.Supp.2d 639, 644 (S.D.N.Y.2002); *Charter Oak,* 2002 WL 123506, at *4–5; *see also* Ann Peldo Cargile,

injured party retains a claim against the other party for the difference.

Although waiver of subrogation clauses are not true exculpatory clauses, they do limit a party's liability. A waiver of subrogation clause, similar to an exculpatory clause, shields a party from *any* liability when the injured party is fully insured. In cases where the injured party is only partially insured, the waiver of subrogation clause serves as a liability limiting clause, reducing the liability of the responsible party to only a portion of the damage caused. Only in cases where the injured party is uninsured can the other party be held fully liable. However, the parties to a commercial contract are almost always insured.[3] In fact, certain waiver of subrogation clauses require the parties to have insurance. *See, e.g., Charter Oak,* 2002 WL 123506, at *1. Thus, in almost all situations, a waiver of subrogation clause will either absolve a party of liability or substantially limit liability and therefore raises the same public policy concerns as exculpatory clauses.

As a result, "[i]t is the law of New York that claims for gross negligence are not precluded by waivers of subrogation provisions." *See Travelers,* 204 F.Supp.2d at 644 (citing *Federal Ins. Co. v. Honeywell, Inc.,* 243 A.D.2d 605, 663 N.Y.S.2d 247, 248 (2d Dep't 1997) and *Gold Connection Discount Jewelers, Inc. v. American Dist. Tel. Co.,* 212 A.D.2d 577, 622 N.Y.S.2d 740, 741 (2d Dep't 1995)); *Charter Oak,* 2002 WL 123506, at *4–5 (dismissing subrogee's negligence claim due to waiver of subrogation clause but finding that gross negligence claim possible if intentional wrong-

doing occurred); *see also Royal Ins. Co. of America v. Southwest Marine,* 194 F.3d 1009, 1016 n. 8 (9th Cir.1999) ("Like the exculpatory clauses, [waiver of subrogation clauses] are limitation provisions, which are not effective as to gross negligence or misconduct.").

## IV. THE WAIVER OF SUBROGATION CLAUSE DOES NOT BAR A CLAIM OF GROSS NEGLIGENCE

■ The Insurers are permitted to bring an action against Goldman based on its alleged gross negligence in maintaining the water pipes on its property.[4] The Lease contains a standard waiver of subrogation clause, providing that "each party shall look first to any insurance in its favor before making any claim against the other party for recovery for loss or damage resulting from fire or other casualty." Lease Agreement ¶ 9e. To the extent that such insurance is collectible, the parties "release[ ] and waive[ ] all right of recovery against the other." *Id.* Because Jodamo sought relief first from the Insurers and was fully compensated, the Insurers are prohibited from bringing negligence claims against Goldman. However, the waiver of subrogation clause does not bar tort claims based on gross negligence. *See Travelers,* 204 F.Supp.2d at 644; *Charter Oak,* 2002 WL 123506, at *4–5; *see also Southwest Marine,* 194 F.3d at 1016 n. 8.

■ The Insurers additionally argue that the their breach of contract claim against Goldman is not barred by the waiver of subrogation clause. *See* Insurers' Memorandum in Opposition to Motion to

---

Implied Waivers of Subrogation in Leases, *12–Jan Prob. & Prop. 22, 24 (1998); Gary E. Snodgrass,* Waiver of Subrogation and Allocation of Risk in Construction Contracts, *62 Def. Couns. J. 95, 95 (1995).*

**3.** A waiver of subrogation clause implies that the parties are insured. If the parties are not

insured, there is no need to waive subrogation claims, which are brought by the parties' insurers.

**4.** The Complaint alleges that Goldman's actions were negligent, but the Insurers now contend that Goldman was grossly negligent.

Dismiss at 5. The waiver of subrogation clause applies to tort liability. In *Viacom*, the Appellate Division, First Department interpreted a clause identical to that found in the Jodamo Lease. That court held, " 'the first sentence of paragraph 9(e) which provides, 'Nothing contained hereinabove shall relieve the Tenant from liability that may exist as a result of damage for fire or other casualty' ... relate[s] to legally imposed liability, that is, liability as a result of either intentionally or negligently causing the fire, and not contractual liability imposed under the lease.' " *Viacom*, 193 A.D.2d at 51–52, 602 N.Y.S.2d 326 (quoting *St. Paul Fire and Marine Ins. Co. v. Protection Mutual Ins. Co.*, 644 F.Supp. 38, 41 (S.D.N.Y.1986)). The Insurers here are attempting to bypass the precluded negligence claim by bringing a breach of contract claim.[5] The Insurers claim that "Goldman's negligent acts, and/or omissions ... breached the [Lease Agreement]." Compl. ¶ 31.[6] The breach of contract claim, which is based completely on Goldman's alleged negligence, is clearly within the scope of the waiver of subrogation clause and its preclusion of claims arising from a party's tortious acts.[7] Accordingly, the breach of contract claim is dismissed.

In sum, the Complaint does not state a cause of action because the waiver of subrogation clause precludes the negligence and breach of contract claims.

## V. CONCLUSION

For the foregoing reasons, Goldman's motion to dismiss is granted. However, the Insurers have leave to amend the Complaint to add a claim of gross negligence. An amended complaint must be filed no later than September 8, 2003. If an amended complaint is filed, a conference is scheduled for September 24, 2003, at 4:30 p.m.

---

**5.** *See, e.g., Farmington Casualty Co. v. 23rd St. Props. Corp.*, 250 F.Supp.2d 293, 298 (S.D.N.Y.1999) (noting, after it found that waiver of subrogation clause barred negligence claim, that plaintiff's breach of contract claim "appears to be an effort to dress its unavailing negligence claim in breach of contract clothing and, thereby, avoid dismissal"); *Gap, Inc. v. Red Apple Co.*, 282 A.D.2d 119, 725 N.Y.S.2d 312, 317 (1st Dep't 2001) (dismissing claims where "[t]he claims for breach of contract ... are asserted, in our view, to circumvent the waiver of subrogation clause, whose provision apply, if at all, only to tort-based claims, not claims premised on contractual liability").

**6.** The Insurers claim that the Lease Agreement requires Goldman to provide adequate heat to the property and properly maintain the sprinkler system. *See* Compl. ¶¶ 25–31.

**7.** Under certain circumstances, a breach of contract claim is not within the scope of a waiver of subrogation. For example, where a landlord fails to repair property damaged by fire as required by the lease, a breach of contract claim is not precluded by a waiver of subrogation clause concerning tort liability. *See Viacom*, 193 A.D.2d at 53–54, 602 N.Y.S.2d 326; *St. Paul Fire and Marine*, 644 F.Supp. at 41.