■ HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY et al., as Subrogees of OGDEN CORPORATION, T/A OGDEN ENTERTAINMENT, INC., et al., Respondents, v WOODSTOCK '99 LLC, Appellant. [775 NYS2d 639]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), granted December 12, 2002. The order denied defendant's motion to dismiss the complaint in a breach of contract action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff insurers commenced this action as subrogees of Ogden Corporation T/A Ogden Entertainment, Inc. and Ogden Services (Ogden) to recover damages for the property loss sustained by Ogden during the Woodstock '99 music festival sponsored by defendant at the Griffis Floyd Air Force Base. Supreme Court erred in denying defendant's motion to dismiss the complaint. The Concession Agreement (Agreement) between Ogden and defendant required Ogden to obtain property insurance coverage naming defendant as an additional insured and waiving subrogation against defendant. We agree with defendant that the waiver of subrogation clause precludes this subrogation action brought by plaintiffs to recover the amounts they paid to Ogden for the property damage it sustained (see *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.*, 106 AD2d 242, 244-245 [1985], *affd* 66 NY2d 779 [1985]; *Atlantic Mut. Ins. Co. v Elliana Props.*, 261 AD2d 296 [1999]; *Insurance Co. of N. Am. v Borsdorff Servs.*, 225 AD2d 494 [1996]). Contrary to plaintiffs' contention, defendant's compliance with contracts between defendant and other parties was not a condition precedent to defendant's performance under the Agreement in the absence of "clear language" to that effect (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]). Contrary to plaintiffs' further contention, the waiver of subrogation clause did not insulate defendant from liability for its own negligence. "A distinction must be drawn between contractual provisions which seek to exempt a party from liability to persons who have been injured or whose property has been damaged and contractual provisions, such as those involved in this suit, which in effect simply require one of the parties to the contract to provide insurance for all of the parties" (*Board*

*of Educ., Union Free School Dist. No. 3, Town of Brookhaven v Valden Assoc.,* 46 NY2d 653, 657 [1979]). We therefore reverse the order, grant the motion, and dismiss the complaint. Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.