ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Plaintiff–Appellant,

v.

Lawrence RIVKIN, Defendant,

**Madison Plaza Associates, LP.
and Rose Associates, Inc.,
Defendants–Appellees,**

No. 04–0922–CV.

United States Court of Appeals,
Second Circuit.

Sept. 23, 2004.

Erick Kirker (Peter G. Rossi, Vincent R. McGuinness), Cozen O'Connor, New York, NY, for Appellant, of counsel.

Harry Steinberg (Steven Prystowsky), Lester Schwab Katz & Dwyer, LLP, New York, NY, for Appellees, of counsel.

Present: SACK, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

The plaintiff-appellant, St. Paul Fire and Marine Insurance Company, appeals from a judgment of the United States District Court for the Southern District of New York granting summary judgment to the defendants-appellees, Madison Plaza Associates, LP, and Rose Associates, Inc. St. Paul only appeals the judgment as to its claims for breach of contract and breach of the covenants of quiet enjoyment.

We review a district court's grant of summary judgment de novo, construing "the evidence in the light most favorable to the non-moving party and ... draw[ing] all reasonable inferences in its favor." *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

On appeal, St. Paul contends that the district court erred by finding that its claims for breach of contract and breach of the covenants of quiet enjoyment were barred by the waiver of subrogation provisions included in the lease between St. Paul's insured and its subrogor, Vanlex Stores, Inc., d/b/a Dollar Bills, and Madison Plaza Associates. St. Paul argues that its contract and covenants of quiet enjoyment claims are valid and independent from its negligence claim—which St. Paul concedes is barred by the subrogation waiver.

Waiver of subrogation provisions generally do not preclude claims based on breach of contract. *See St. Paul Fire & Marine Ins. Co. v. Prot. Mut. Ins. Co.*, 644 F.Supp. 38, 40 (S.D.N.Y.1986); *Viacom Int'l, Inc. v. Midtown Realty Co.*, 602 N.Y.S.2d 326, 330, 193 A.D.2d 45, 52 (1st Dep't 1993). However, if a contract claim is essentially a negligence claim in disguise, it is barred by a waiver of subrogation. *See American Motorist Ins. Co. v. Morris Goldman Real Estate Corp.*, 277 F.Supp.2d 304, 309 (S.D.N.Y.2003); *Farmington Cas. Co. v. 23d St. Props. Corp.*, 250 F.Supp.2d 293, 298 (S.D.N.Y.1999), *aff'd by summary order sub nom. Farmington Cas. Co. v. Williams Real Estate Co.*, 225 F.3d 645 (table), 2000 U.S.App. LEXIS 21273, 2000 WL 1186006 (2d Cir. Aug. 21, 2000).

In this case, St. Paul's breach of contract and breach of the covenants of quiet enjoyment claims, including all the resultant damages, arise out of the identical acts that are the basis for St. Paul's precluded negligence claim: Madison Plaza Associates' alleged failure to provide heat, during the New Year's holiday immediately preceding January 2, 1999, to the premises leased by Vanlex. Thus, to the extent the contract and quiet enjoyment claims

are negligence claims in disguise, they may well be barred by the subrogation waiver.

New York law on whether subrogation waivers can bar contract claims is not crystal clear, and we might therefore be inclined to certify the question of the viability of the breach of contract claim to the New York Court of Appeals. We decline to do so here because, in any event, a contract claim asserted to avoid preclusion by the subrogation waiver cannot succeed if it also lacks merit in contract terms, *see Gap, Inc. v. Red Apple Cos.*, 725 N.Y.S.2d 312, 317, 282 A.D.2d 119, 125–26 (1st Dep't 2001); *Farmington Cas. Co.*, 250 F.Supp.2d at 298, and we find St. Paul's contract claim to be meritless. St. Paul claims that Madison Plaza Associates breached its duty, under the lease, to supply steam to Vanlex's premises. But this section of the lease provides only that the landlord must supply steam to the premises when heat is furnished to the rest of the building. St. Paul's allegation that Madison Plaza Associates shut off the building-wide heating system therefore fails to state a claim for violation of the lease. St. Paul's claim of breach of the covenants of quiet enjoyment also fails on its own terms because St. Paul has not shown evidence of an actual or constructive eviction through an ouster or abandonment of the premises by Vanlex. *See Dave Herstein Co. v. Columbia Pictures Corp.*, 149 N.E.2d 328, 330, 4 N.Y.2d 117, 121, 172 N.Y.S.2d 808, 811 (1958).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.