■ FEDERAL INSURANCE COMPANY, as Subrogee of NEW YORK PLAZA BUILDING Co., Appellant, et al., Plaintiff, v ZWICKER ELECTRIC Co., INC., et al., Respondents.—In an action to recover damages for breach of contract and negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Marbach, J.), dated April 20, 1987, which granted the separate motions of the defendants for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In December 1983 New York Plaza Building Company (hereinafter New York Plaza) entered into a written contract with the defendant Zwicker Electric Co., Inc. (hereinafter Zwicker) whereby Zwicker agreed to act as general contractor in the installation of new electrical transformers in a building owned by New York Plaza. Article 19 of the contract obligated the contractor to "purchase and maintain such insurance as will protect him from claims under workmen's compensation acts and other employee benefit acts, from claims for damages because of bodily injury * * * and from claims for damages to property which may arise out of or result from the Contractor's operations under this Contract". Section 21.1 obligated the owner to "purchase and maintain property insurance upon the entire Work at the site to the full value thereof". Section 21.1 also required the owner to "insure against the

perils of fire". Section 21.4 provided that "[t]he Owner and Contractor [shall] waive all rights against each other for damages caused by fire or other perils to the extent covered by insurance provided under this paragraph".

In April 1984 while cutting a piece of channel with an acetylene torch, an employee of one of the subcontractors ignited the ceiling above him. The resulting fire caused extensive damage to New York Plaza's property. The plaintiff paid the claim and commenced the instant action as the subrogee of its insured, New York Plaza. Zwicker moved for summary judgment based on section 21.4 of the contract. The other defendants cross-moved for the same relief. The Supreme Court granted the motion and the cross motions, holding that New York Plaza had waived the plaintiff's subrogation rights.

Contrary to the plaintiff's contention, articles 19 and 21 are neither inconsistent nor redundant. The most reasonable interpretation of the two provisions is that article 19 was intended to apply to third-party claims and article 21 was intended to apply to first-party claims (see, Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp., 106 AD2d 242, affd 66 NY2d 779; Tokio Mar. & Fire Ins. Co. v Employers Ins., 786 F2d 101). Accordingly, article 21.4 applies and effectively bars the plaintiff's action.

The plaintiff's final argument, that Zwicker was in a better position to prevent the loss, was not raised in opposition to the motion below and is consequently unpreserved for appellate review. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.