■ MERCHANTS MUTUAL INSURANCE COMPANY, as Subrogee of TRANSWORLD SURPLUS, INC., Respondent, v SAXON INDUSTRIES INC. et al., Defendants, AFA PROTECTIVE SYSTEMS, INC., Appellant, and SXP WAREHOUSE CORP., Respondent.—In an action, *inter alia,* to recover damages for property loss arising from the alleged negligent installation and maintenance of a sprinkler alarm system, the defendant AFA Protective Systems, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated August 31, 1988, as denied those branches of its motion which were for summary judgment dismissing the complaint as asserted against it, and for summary judgment on its cross claim against the defendant SXP Warehouse Corp. for contractual indemnification, including counsel fees.

Ordered that the order is modified, on the law, by deleting therefrom the provisions which denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against AFA Protective Systems, Inc., and for summary judgment on that branch of the cross claim against SXP Warehouse Corp., which is for reimbursement of reasonable attorneys fees incurred by AFA Protection Systems, Inc., in the defense of the action brought by the plaintiff, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the action against the remaining defendants is severed.

On December 15, 1982, the defendant AFA Protective Systems, Inc. (hereinafter AFA) and the codefendant SXP Warehouse Corp. (hereinafter SXP) entered into a "Central Station Service Contract", whereby AFA agreed to install and maintain a sprinkler alarm or supervisory service for the premises owned by the defendant Saxon Industries Inc. On or about

December 24, 1983, the plaintiff's subrogor Transworld Surplus, Inc., a commercial tenant in the premises, suffered water damages to its stock and merchandise as a result of a burst sprinkler pipe. The instant action ensued.

In determining the liability of the defendant AFA to the noncontracting plaintiff for the alleged negligent performance of its obligations pursuant to the contract, the proper inquiry is "whether the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). Ultimately however, "[I]t remains for the courts to determine the fundamental question whether, as a matter of policy, the alleged negligence should result in liability" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 226). The contractual provisions in the case at bar, as well as the prices paid for the sprinkler alarm services, clearly indicate the parties' understanding that the risk of loss would remain with the subscriber *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 227). The contract contains an exculpatory clause providing in pertinent part that: "It is understood that neither the contractor nor any third party designated by the contractor which provides service to the subscriber is an insurer, that insurance, if any, shall be obtained by the subscriber". Further, AFA's liability, if any, was limited to 10% of the annual charge or $250, whichever was greater. Under these circumstances, liability should not be imposed, as AFA had "no cognizable duty owing to the plaintiff" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 227), and the trial court's denial of AFA's motion for summary judgment dismissing the complaint insofar as asserted against it was in error. Under the express terms of the contract, AFA undertook no responsibility with respect to the maintenance of the sprinkler system, and the plaintiff's allegations in its pleadings to the effect that AFA negligently maintained the sprinkler system, are insufficient as a matter of law to cast AFA into liability *(see, Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57, 63).

Moreover, AFA's motion seeking indemnification from SXP pursuant to the contract is granted to the extent of directing SXP to reimburse AFA for reasonable attorney fees in defending the action brought by the plaintiff. The contract contains a broad indemnification clause whereby SXP agreed to hold AFA and its employees harmless against "any claims, suits, losses, demands and expenses arising from * * * any loss or damage to property occasioned [by AFA's] performance * * *

under this agreement, whether due to * * * negligence or otherwise", which is in all relevant respects identical to that upheld by this court in *Failla v A.F.A. Protective Sys.* (139 AD2d 693 [indemnification clause was not violative of General Obligation Law § 5-323]), and thereby enforceable *(see also, McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *Blair v County of Albany,* 127 AD2d 950, 951).

In view of our determination, it is not necessary to address AFA's remaining contentions. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.