■ FEDERAL INSURANCE COMPANY, as Assignee of AMR CHECK CASHING CORPORATION, Appellant, v HONEYWELL, INC., Doing Business as HONEYWELL PROTECTION SERVICES, Respondent. [603 NYS2d 5] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 19, 1992, which, *inter alia,* granted defendant's motion for summary judgment dismissing plaintiff's complaint, unanimously affirmed, with costs.

In addition to the normal exculpatory clauses, the contract between defendant and plaintiff's insured contained a waiver of subrogation clause pursuant to which plaintiff's insured released and discharged defendant, on behalf of itself and all those claiming under it, from all hazards covered by insurance, and it was further expressly agreed that no insurance company would have a right of subrogation against the defendant. Such clauses have been held to bar claims by insurers in other instances *(see, Federal Ins. Co. v Zwicker Elec. Co.,* 144 AD2d 632; *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.,* 106 AD2d 242, *affd* 66 NY2d 779), and we see no reason to depart from those holdings in this case. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.

■ EDWIN ARGUETA, an Infant, by LYDIA CANALES, His Mother and Natural Guardian, et al., Respondents, v HARDING & THORNTON, INC., et al., Appellants, and EDMUND F. WOLK et al., Respondents, et al., Defendant. [603 NYS2d 4] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 15, 1992, which denied defendants-appellants' motion to change the venue from Bronx County to Nassau County, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting leave to renew the motion upon proper papers, and otherwise affirmed, without costs.

Given numerous Nassau County connections, and that the only connection to Bronx County is that one of the defendants, a former owner of the building in Nassau County that allegedly contaminated plaintiff, happens to reside there, it appears that a change of venue would be warranted upon a showing of how identified material witnesses would be inconvenienced if required to testify in Bronx County *(see, Coles v LaGuardia Med. Group,* 161 AD2d 166, 167). In the exercise of discretion, we give appellants another opportunity to make such a showing. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.