■ PILSENER BOTTLING COMPANY, INC., Appellant, v SUNSET PARK INDUSTRIAL ASSOCIATES et al., Respondents, et al., Defendants. [607 NYS2d 961] —In a negligence action to recover damages resulting from a fire, the plaintiff appeals from the order of the Supreme Court, Kings County (Garry, J.), dated December 23, 1991, which granted the respondents' motion for partial summary judgment dismissing the complaint insofar as it is asserted against them, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant, Sunset Park Industrial Associates (hereinafter Sunset), as landlord, entered into a lease with the plaintiff, Pilsener Bottling Company, Inc. (hereinafter Pilsener). The agreement included a subrogation-waiver clause which stated: "Landlord and Tenant hereby waive the right of recovery, one against the other, with respect to losses covered by policies of insurance protecting against fire, extended coverage, vandalism and sprinkler leakage occasioned by either Landlord or Tenant to the extent that such losses or damage is covered by a valid, collectible policy or policies of insurance." The defendant Vic Lambe, while acting within the scope of his employment for Sunset, accidentally caused a fire which damaged Pilsener's inventory. Pilsener was paid by its insurance company, which then brought this action in Pilsener's name seeking reimbursement for the money it paid out. The respondents contend that the clause covers not only Sunset as landlord, but Sunset's employee Lambe.

We agree with the respondents that the subrogation-waiver clause is applicable to the employees, agents and/or servants of the parties. As a general rule, a contract should be construed so as to give force and effect to all of its provisions *(see, Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46).

A reading of the entire lease illustrates that the parties intended to include agents or employees within the meaning of the term "Landlord", under the subrogation-waiver clause of the lease. It appears that the parties anticipated that the parties would operate through employees, agents, or servants *(cf., Howard v Finnegans Warehouse Corp.,* 33 AD2d 1090; *Federal Ins. Co. v Zwicker Elec. Co.,* 144 AD2d 632). Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.