■ LEE SHARONI, LTD., Doing Business as AVIATOR, Respondent, v HONEYWELL, INC., et al., Appellants. [614 NYS2d 748] —In an action to recover damages for gross negligence and breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Graci, J.), dated September 18, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Although New York law generally enforces contractual provisions in alarm contracts absolving a party from its own negligence, public policy prohibits a party's attempt to escape liability, through a contractual clause, for damages occasioned by "grossly negligent conduct" *(Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823; *see also, Sommer v Federal Signal Corp.,* 79 NY2d 540, 553-554; *Idone v Pioneer Sav. & Loan Assn.,* 159 AD2d 560, 561; *Gentile v Garden City Alarm Co.,* 147 AD2d 124). In this context, gross negligence is conduct that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" *(Colnaghi U.S.A. v Jewelers Protection Servs., supra,* at 823-824; *see also, Sommer v Federal Signal Corp., supra,* at 554).

We find that whether Honeywell's employee performed an adequate inspection of the premises and, if not, whether such failure to inspect constituted gross negligence, present triable issues of fact that preclude summary judgment. On a motion for summary judgment, the court's role is to determine whether there is a material factual issue to be tried, not to resolve it *(see, Sommer v Federal Signal Corp., supra,* at 554; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.