■ FEDERAL INSURANCE COMPANY, Respondent, v AUTOMATIC BURGLAR ALARM CORP., Appellant. [617 NYS2d 53] —In an action to recover damages for breach of contract and gross negligence, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 2, 1993, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, Federal Insurance Company, as the assignee of

its policyholder Cross Bay Check Cashing Corp. (hereinafter Cross Bay), commenced this action against the defendant, Automatic Burglar Alarm Corp., after paying Cross Bay's claim for losses that Cross Bay had sustained when its premises had been burglarized. The plaintiff contended, *inter alia,* that the defendant had been grossly negligent in its installation, maintenance, and repair of the burglar alarm system at Cross Bay's premises. Contending that the plaintiff had proffered insufficient evidence to raise a triable issue of fact with regard to the issue of gross negligence, the defendant moved for summary judgment. The motion was denied by the Supreme Court, Queens County.

Although New York law generally enforces contractual provisions absolving burglar alarm companies from their own negligence, public policy forbids such companies from attempting to escape liability, through contractual clauses, for damages occasioned by grossly negligent conduct *(see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823; *Sommer v Federal Signal Corp.,* 79 NY2d 540, 553-554; *Idone v Pioneer Sav. & Loan Assn.,* 159 AD2d 560, 561; *Gentile v Garden City Alarm Co.,* 147 AD2d 124). When used in this context, grossly negligent conduct is conduct that evinces a reckless disregard for the rights of others or that smacks of intentional wrongdoing *(see, Colnaghi, U.S.A. v Jewelers Protection Servs., supra,* at 823-824; *see also, Sommer v Federal Signal Corp. supra,* at 554).

On a motion for summary judgment, the court's role is to determine whether there is a material issue of fact to be tried, not to resolve it *(see, Sommer v Federal Signal Corp., supra,* at 554; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). We agree with the Supreme Court that the plaintiff's allegations regarding the defendant's prior notice of the malfunctioning of Cross Bay's burglar alarm system and the defendant's servicing and repair of that system raise issues of fact with respect to whether or not the defendant was grossly negligent. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.