■ FEDERAL INSURANCE COMPANY, Appellant, v HONEYWELL, INC., Respondent. [663 NYS2d 247] —In an action to recover damages for gross negligence and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated May 28, 1996, as, upon reargument, adhered to its determination in an order dated October 13, 1995, granting the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order dated May 28, 1996, is modified by deleting therefrom the provision which adhered to the court's prior determination to grant that branch of the defendant's motion which was to dismiss the plaintiff's claim to recover its insured's $55,000 deductible, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated May 28, 1996, is affirmed insofar as appealed from, and the order dated October 13, 1995, is modified accordingly, with costs to the plaintiff.

The plaintiff, as assignee of its policyholder Broadway Check Cashing Corp. (hereinafter Broadway), brought this action against the defendant to recover, *inter alia,* Broadway's $55,000 deductible, after paying Broadway's claim for losses sustained when its premises were burglarized. The plaintiff contended, *inter alia,* that the defendant was grossly negligent in its installation, maintenance, and repair of the burglar alarm system at Broadway's premises. The defendant, main-

taining that the plaintiff's action was barred by the waiver of subrogation clause contained in the "Installation and Service Agreement" between Broadway and the defendant and that the plaintiff had failed to set forth sufficient evidence to raise a triable issue of fact on the question of gross negligence, moved for summary judgment dismissing the complaint. The motion was granted by the Supreme Court, Queens County, on the basis that "the waiver of subrogation clause * * * bars this claim".

While the waiver of subrogation clause, expressly limited to "discharge [the defendant] from and against all hazards covered by [Broadway's] insurance" clearly bars the plaintiff from seeking return of the $87,408.62 covered by the insurance policy (*see, e.g., Pilsener Bottling Co. v Sunset Park Indus. Assocs.,* 201 AD2d 548; *Federal Ins. Co. v Honeywell, Inc.,* 197 AD2d 469; *Federal Ins. Co. v Zwicker Elec. Co.,* 144 AD2d 632; *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.,* 106 AD2d 242, *affd* 66 NY2d 779), it does not similarly bar the plaintiff from seeking, as Broadway's legal assignee, return of the $55,000 deductible not covered by the insurance policy.

Moreover, while the exculpatory clause in the contract between Broadway and the defendant may shield the defendant from liability for ordinary negligence, it will not protect the defendant from liability for gross negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823; *Sommer v Federal Signal Corp.,* 79 NY2d 540, 553-554). When used in this context, " 'gross negligence' * * * is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs., supra,* at 823-824; *Sommer v Federal Signal Corp., supra,* at 554).

In this case, the plaintiff submitted a copy of the Alarm Inspection Report of an expert security consultant who, after inspecting the premises and the alarm system and documentation, set forth with specificity numerous deficiencies in the installation and maintenance of the alarm system. When this report is considered together with the affidavit of Broadway's vice-president, it becomes clear that the plaintiff has stated a cause of action sounding in gross negligence (*see, Federal Ins. Co. v Automatic Burglar Alarm Corp.,* 208 AD2d 495; *Lee Sharoni, Ltd. v Honeywell, Inc.,* 206 AD2d 462; *Gentile v Garden City Alarm Co.,* 147 AD2d 124).

The parties' remaining contentions are without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.