■ ATLANTIC MUTUAL INSURANCE COMPANY, as Subrogee of NAGA ANTIQUES, LTD., Appellant, v ELLIANA PROPERTIES et al., Respondents, et al., Defendant. (And a Third-Party Action.) [691 NYS2d 412] —Order, Supreme Court, New York County (Richard Braun, J.), entered February 4, 1998, which, insofar as appealed from, granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff insurer, suing as subrogee of its insured, the tenant of premises leased from defendant landlords, seeks to recover the insurance proceeds that plaintiff paid the tenant for property damage and other losses that allegedly were caused by the unlicensed contractor defendants had hired to renovate the apartment above the leased premises, during which work a water pipe was ruptured. We agree with the motion court that plaintiff's claim is barred by the provision of the lease waiving rights of subrogation. Contrary to plaintiff's arguments, the renovation of the apartment above the leased premises was not "wholly outside the scope of the landlord and tenant relationship" (*Interested Underwriters at Lloyds v Ducor's, Inc.*, 103 AD2d 76, 77, *affd* 65 NY2d 647), and thus the losses claimed to have been caused by defendants' negligence in contracting for such work fall within the scope of the lease's broad waiver of subrogation provision (*see, Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654). Since the waiver of subrogation provision precludes plaintiff's maintenance of the instant action, we need not determine whether the action is also barred by the antisubrogation rule. Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.