(February 14, 2006)

■ JACK ADLER et al., Respondents-Appellants, v COLUMBIA SAVINGS & LOAN ASSOCIATION, Respondent, and WELLS FARGO ALARM SERVICES et al., Appellants-Respondents. [811 NYS2d 737]—

In a consolidated action, inter alia, to recover damages for breach of contract and negligence, (1) the defendants Wells Fargo Alarm Services and Baker Protective Services, Inc., appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated September 26, 2003, as denied those branches of their motion which were for summary judgment dismissing all cross claims asserted against them by the defendant Columbia Savings & Loan Association, and (2) the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendants Wells Fargo Alarm Services and Baker Protective Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, renters of safe deposit boxes at the Forest Hills branch of the Columbia Savings & Loan Association, also known

as Columbia Savings (hereinafter Columbia), seek to recover damages, inter alia, for breach of contract and negligence against Columbia and the defendants Wells Fargo Alarm Services, Inc., and Baker Protective Services, Inc. (hereinafter collectively the appellants), the burglar alarm company with whom Columbia contracted to install, test, and monitor the alarm system. Columbia asserted cross claims against the appellants for contribution and indemnification. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and denied those branches of the motion which were for summary judgment dismissing all cross claims against them.

A burglar alarm agreement which contains an exculpatory clause shields the burglar alarm company from liability only for ordinary negligence, not for gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 553-554 [1992]; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d 605, 606 [1997]; *Federal Ins. Co. v Automatic Burglar Alarm Corp.*, 208 AD2d 495, 496 [1994]). In this context, gross negligence is conduct which "smacks" of intentional wrongdoing or evinces a reckless indifference to the rights of others (*Colnaghi, U.S.A. v Jewelers Protection Servs., supra* at 823-824; *see Sommer v Federal Signal Corp., supra* at 554; *Federal Ins. Co. v Automatic Burglar Alarm Corp., supra*).

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing all cross claims for contribution and indemnification insofar as asserted against them. With respect to the cross claims for both contribution and indemnification, triable issues of fact exist as to whether the appellants were grossly negligent. Columbia may recover from the appellants under a contribution theory to the extent that the appellants are found to be grossly negligent (*see Sommer v Federal Signal Corp., supra* at 559-560).

With respect to the cross claim for indemnification, an issue of fact exists as to whether Columbia was independently negligent. In indemnity, the party legally liable shifts the entire loss to another (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 23-24 [1985]). Even if the appellants are found to be grossly negligent, Columbia is not entitled to indemnification for its own negligence.

We reject the plaintiffs' contention that the Supreme Court

erred in granting that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them because they are third-party beneficiaries of the contract between the appellants and Columbia. No duty stems from the plaintiffs' claimed status as intended third-party beneficiaries (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 225-227 [1990]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 337 [1983]; *compare Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455-456, [1988], and *Goodman-Marks Assoc. v Westbury Post Assoc.*, 70 AD2d 145, 147-148, [1979], *with Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656 [1976]). While Columbia asserted that its intent in entering into the contract with the appellants was to benefit renters of safe deposit boxes such as the plaintiffs, the contract itself negates this intent.

Moreover, the plaintiffs' contention that the appellants owed a duty to them arising under the second exception to independent-contractor liability to third parties as set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136, 140 [2002]), is without merit. The record is insufficient to qualify the plaintiffs for this exception.

Public policy considerations protect alarm companies for injuries to noncontracting plaintiffs, particularly where, as here, the contract explicitly states that the sums payable were calculated with the understanding that the risk of loss, at least for ordinary negligence, remains with the subscriber (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, *supra* at 227; *Merchants Mut. Ins. Co. v Saxon Indus.*, 170 AD2d 654, 655 [1991]). Crane, J.P., Rivera, Skelos and Lifson, JJ., concur.