■ KIRK DILLON, Respondent, v MOTORCYCLE SAFETY SCHOOL, INC., et al., Appellants. [872 NYS2d 669]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered October 3, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although New York law generally enforces contractual provisions absolving a party from its own negligence, public policy prohibits contractual avoidance of liability for damages occasioned by grossly negligent conduct (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d 605 [1997]). The court correctly determined that there were issues of fact as to whether defendants' activity rose to the level of gross negligence (*see Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172-173 [1981]). Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIAN MCLAREN, Appellant. [872 NYS2d 669]—Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered September 18, 2006 convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of one year, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its assessment of the police account of the incident. Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.