■ Great American Insurance Company of New York et al., Appellants, v SimplexGrinnell LP, Respondent. [874 NYS2d 465]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 8, 2008, which granted defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint, unanimously affirmed, with costs.

The court properly found that the waiver of subrogation provision in the underlying sprinkler system servicing agreement was neither overreaching nor procedurally or substantively unconscionable (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). We reject plaintiffs' contention that the waiver does not bar a claim for gross negligence. As the Court of Appeals has held, "[a] distinction must be drawn between contractual

provisions which seek to exempt a party from liability . . . and contractual provisions . . . which in effect simply require one of the parties to the contract to provide insurance for all of the parties" (*Board of Educ., Union Free School Dist. No. 3, Town of Brookhaven v Valden Assoc.*, 46 NY2d 653, 657 [1979]). We discern no public policy basis for limiting freedom of contract (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 695 [1995]) so as to preclude parties from agreeing that a waiver of subrogation bars not only claims of negligence but also claims of gross negligence. Thus, the waiver conclusively established a defense to plaintiff insurer's claim (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 571 [2005]; *Held v Kaufman*, 91 NY2d 425, 430-431 [1998]). Moreover, we hold as well that plaintiffs' allegations of tortious conduct fail to allege the necessary violation of a legal duty independent of the contract with defendant (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.