■ FOOTLOCKER, INC., et al., Appellants, v KK&J, LLC, et al., Respondents. (And a Third-Party Action.) [894 NYS2d 380]—

This subrogation action was commenced after a fire occurred on September 24, 2002 in a food court located below street level at 2916 Third Avenue in the Bronx. The fire allegedly broke out when a torch used by one of the individuals removing duct work from a former Burger King came into contact with cooking grease that had accumulated in the duct work. The fire resulted in extensive property damage to surrounding businesses, including that of plaintiff St. Paul's insured, Duane Reade, at 2914 Third Avenue. At the time of the fire, defendant KK&J was the owner of 2912, 2914, and 2916 Third Avenue, and defendant Springfield Food Court was the managing agent for these properties. Springfield also independently operated the Burger King.

Duane Reade's lease agreement provides that each party waived "any and all" rights of recovery against the other for loss, injury or damage covered by its insurance, notwithstanding that the loss, injury, or damage may have resulted from the other's negligence or fault. We reject St. Paul's argument that this waiver of subrogation is unenforceable with respect to any allegations of negligence against defendants. However, issues of fact preclude summary judgment in defendants' favor.

While, as St. Paul points out, "a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d

654, 660 [1997]), by the terms of the subject clause, Duane Reade waived recovery for "any" loss caused by defendants for which it was covered by insurance, not solely losses that originated within its leased premises. In addition, although the term "Building" is not defined in the lease, the rider to the lease refers to the basement restaurant as located within the "Building." Thus, the renovation work being performed in the Burger King, which resulted in a fire that spread to Duane Reade's leased premises, was not "wholly outside the scope of the landlord and tenant relationship" (*Interested Underwriters at Lloyds v Ducor's, Inc.*, 103 AD2d 76, 77 [1984], *affd* 65 NY2d 647 [1985]; *see Atlantic Mut. Ins. Co. v Elliana Props.*, 261 AD2d 296 [1999]).

However, the record raises an issue of fact whether KK&J satisfied its insurance procurement responsibilities in accordance with the intended risk allocation scheme under the lease agreement. As St. Paul points out, waiver of subrogation clauses are "necessarily premised on the procurement of insurance by the parties" (*Liberty Mut. Ins. Co. v Perfect Knowledge*, 299 AD2d 524, 526 [2002]). Although the plain language of the subject lease agreement does not require any party other than Duane Reade to procure fire insurance, defendants submitted an umbrella third-party liability insurance policy to demonstrate that KK&J was covered for the risk of fire, and since the lease agreement does not require that the insurance procured be first-party property insurance, it may be that this policy satisfies KK&J's obligation to procure the type of insurance necessary to the enforcement of the waiver clause. A triable issue is raised by the fact that the policy identifies "Hospitality and Leisure Services, Inc.," and not KK&J, as the named insured.

As to defendant Springfield, the complaint and bill of particulars allege that, as the franchisee operator of the Burger King, it was negligent in permitting grease to accumulate in the duct work and in failing to clean out the grease, knowing that the duct work would be removed when the Burger King ceased to operate. The record evidence that the cause of the fire was the contact between a torch and grease in the duct work precludes summary judgment dismissing St. Paul's claims against Springfield in its capacity as the operator of the Burger King.

Finally, contrary to St. Paul's contention, a waiver of subrogation may bar a claim for gross negligence (*Great Am. Ins. Co. of N.Y. v Simplexgrinnell LP*, 60 AD3d 456 [2009]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.

[Prior Case History: 21 Misc 3d 1145(A), 2008 NY Slip Op 52502(U).]