■ TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as Subrogee of Hackley School, Respondent, v GLOBAL PROTECTION SYSTEMS, INC., Defendant, and RAPID RESPONSE MONITORING SERVICES INCORPORATED, Appellant. [898 NYS2d 215]—

In a subrogation action, inter alia, to recover damages for negligence, breach of contract, and breach of implied warranty, the defendant Rapid Response Monitoring Services Incorporated appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered August 7, 2009, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action to the extent that it sounded in gross negligence and the second and third causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action to the extent that it sounded in gross negligence and the second and third causes of action insofar as asserted against the appellant are granted.

The plaintiff, Travelers Property Casualty Company of America, issued a policy of fire hazard insurance (hereinafter the subject policy) to the Hackley School (hereinafter the school), which is located in Tarrytown. On August 4, 2007, the school sustained substantial property damages as a result of a fire, which losses were covered by the plaintiff insurer.

Subsequently, the plaintiff commenced this action, as subrogee of the school, against the defendant Rapid Response Monitoring Services Incorporated (hereinafter the alarm monitoring company) and the defendant Global Protection Systems, Inc. (hereinafter GPS), to recover damages for breach of contract, negligence, breach of implied warranty, and strict products liability. The alarm monitoring company moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. The Supreme Court, inter alia, granted that branch of the motion which was to dismiss the fourth cause of action alleging strict products liability, but denied those branches of the motion which were to dismiss the first cause of action to the extent that it sounded in gross negligence and the second and third causes of action insofar as asserted against the alarm monitoring company.

In support of the motion, the alarm monitoring company submitted, among other things, the alarm monitoring service

agreement (hereinafter the agreement) between it and the school. Pursuant to paragraph 3 thereof, the school acknowledged and agreed that the alarm monitoring company was not an insurer and that the school was required to obtain insurance covering personal injury, including death, and real or personal property loss or damage in, about or to the premises. Further, pursuant to paragraph 5 thereof, the school released and discharged the alarm monitoring company from and against all hazards covered by insurance. Moreover, the parties to the agreement agreed "THAT NO INSURANCE COMPANY . . . SHALL HAVE . . . ANY RIGHT OF SUBROGATION AGAINST [THE MONITORING] COMPANY" (hereinafter the waiver of subrogation clause).

Contrary to the plaintiff's contention, the waiver of subrogation clause expressly released and discharged the alarm monitoring company from and against all hazards covered by the school's insurance, and barred the plaintiff from seeking, from the monitoring company, the return of any proceeds paid to the school under the subject policy (*see e.g. Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d 605 [1997]; *Federal Ins. Co. v Zwicker Elec. Co.*, 144 AD2d 632 [1988]; *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.*, 106 AD2d 242, 245 [1985], *affd* 66 NY2d 779 [1985]). In addition, contrary to the plaintiff's contention, "[a] distinction must be drawn between contractual provisions which seek to exempt a party from liability to persons . . . whose property has been damaged and contractual provisions . . . which in effect simply require one of the parties to the contract to provide insurance for all of the parties" (*Board of Educ., Union Free School Dist. No. 3, Town of Brookhaven v Valden Assoc.*, 46 NY2d 653, 657 [1979]; *see Great Am. Ins. Co. of N.Y. v Simplexgrinnell LP*, 60 AD3d 456, 456 [2009]). Thus, while an exculpatory clause in an agreement will not protect a defendant from liability for gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 553-554 [1992]), a waiver of subrogation clause which releases and discharges an alarm company from and against all hazards covered by insurance clearly precludes an insurer, as subrogee, from seeking return of any proceeds covered by insurance notwithstanding any claim of gross negligence (*see e.g. Great Am. Ins. Co. of N.Y. v Simplexgrinnell LP*, 60 AD3d at 457; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d at 606; *St. Paul Fire & Mar. Ins. Co. v Universal Bldrs. Supply*, 409 F3d 73, 86 [2005]).

Accordingly, the waiver of subrogation clause at bar conclusively established a defense to the plaintiff insurer's claims

against the alarm monitoring company (*see Great Am. Ins. Co. of N.Y. v Simplexgrinnell LP*, 60 AD3d at 457; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d at 606; *see also Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.*, 106 AD2d at 245).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.