■ CLIFF CHAN et al., Appellants, v COUNTERFORCE CENTRAL ALARM SERVICES CORP. et al., Respondents, et al., Defendant. [930 NYS2d 680]—

In October 2004, the plaintiffs and Winner Technology, Inc. (hereinafter Winner), entered into a contract which provided, among other things, that Winner would install and monitor a burglar alarm system in the plaintiffs' home (hereinafter the premises). Under the terms of the contract, monitoring services were performed by Counterforce Central Alarm Services Corp. (hereinafter Counterforce). The premises were burglarized on April 22, 2005, and the plaintiffs subsequently commenced this action against, among others, Counterforce and Wintech Systems, Inc. (hereinafter Wintech), the successor company of Winner. The plaintiffs interposed causes of action against Counterforce and Wintech alleging, inter alia, gross negligence and breach of contract.

Wintech, among other things, moved for summary judgment dismissing the cause of action alleging gross negligence insofar

as asserted against it. The Supreme Court granted that branch of Wintech's motion and, in effect, searched the record and awarded summary judgment to Counterforce dismissing the cause of action alleging gross negligence insofar as asserted against Counterforce. We affirm.

A burglar alarm agreement which contains an exculpatory clause shields the burglar alarm company from liability only for ordinary negligence, not for gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]; *Golden Stone Trading, Inc. v Wayne Electro Sys., Inc.*, 67 AD3d 731, 732 [2009]; *Adler v Columbia Sav. & Loan Assn.*, 26 AD3d 349, 350 [2006]). "Used in this context, 'gross negligence' differs in kind, not only degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d at 823-824, quoting *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]; *see Adler v Columbia Sav. & Loan Assn.*, 26 AD3d at 350; *Federal Ins. Co. v Honeywell, Inc.*, 243 AD2d 605, 606 [1997]; *Federal Ins. Co. v Automatic Burglar Alarm Corp.*, 208 AD2d 495, 496 [1994]).

Here, in support of its motion, Wintech proffered evidence which established, prima facie, that the conduct of Winner and Counterforce in connection with the installation and monitoring of the burglar alarm system at the premises did not rise to the level of gross negligence (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d at 824; *David Gutter Furs v Jewelers Protection Servs.*, 79 NY2d 1027, 1029 [1992]; *Midtown Distribs. Corp. v Mutual Cent. Alarm Servs., Inc.*, 49 AD3d 346 [2008]; *cf. Green v Holmes Protection of N.Y.*, 216 AD2d 178, 179 [1995]; *Hanover Ins. Co. v D & W Cent. Sta. Alarm Co.*, 164 AD2d 112, 115 [1990]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of Wintech's motion which was for summary judgment dismissing the cause of action alleging gross negligence insofar as asserted against it and, in effect, searched the record and awarded summary judgment dismissing the cause of action alleging gross negligence insofar as asserted against Counterforce.

In light of the foregoing, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32568(U).]**