JILL H. SILVERMAN, Appellant, v POTRUCH & DAAB, LLC, Defendant, and ROSENBERG LAW, P.C., et al., Respondents. [37 NYS3d 143]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 25, 2013, which granted the motion of the defendants Rosenberg Law, P.C., and Bruce S. Rosenberg for summary judgment dismissing the amended complaint insofar as asserted against them and denied her cross motion for leave to amend the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against, among others, the defendants Rosenberg Law, P.C., and Bruce S. Rosenberg (hereinafter together the Rosenberg defendants), her former attorneys, alleging that they committed legal malpractice in connection with their defense of the plaintiff in an underlying action (see Gamman v Silverman, 98 AD3d 995 [2012]). The Rosenberg defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, and the plaintiff cross-moved for leave to amend the amended complaint. The Supreme Court granted the Rosenberg defendants' motion and denied the plaintiff's cross motion.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [2015]; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; McCoy v Feinman, 99 NY2d 295, 301 [2002]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d at 50; Davis v Klein, 88 NY2d 1008, 1009-1010 [1996]). Thus, in order to prevail on a summary

judgment motion, "the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Alizio v Feldman*, 82 AD3d 804, 804 [2011]; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 49; *Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877, 878 [2015]; *Affordable Community, Inc. v Simon*, 95 AD3d 1047, 1048 [2012]).

Here, the Rosenberg defendants met their initial burden of demonstrating, prima facie, that the plaintiff cannot establish that but for their conduct, the plaintiff would not have incurred damages in the underlying action. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the Rosenberg defendants' motion.

The Supreme Court also providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the amended complaint. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]; *see Zeleznik v MSI Constr., Inc.*, 50 AD3d 1024, 1025 [2008]). Here, the proposed amendments were patently devoid of merit. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.