Matter of Singer (2018 NY Slip Op 04738)





Matter of Singer


2018 NY Slip Op 04738


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01597

[*1]In the Matter of Martin Singer, deceased. Slade & Newman, LLP, et al., appellants; Daniel Singer, et al., respondents. (File No. 1871/94)


Law Offices of Ira L. Slade, P.C. (Daniel A. Fried and Andrew R. Schimler, Yonkers, NY, of counsel), appellant pro se and for appellant Slade & Newman, LLP.
Kudman Trachten Aloe, LLP, New York, NY (Paul H. Aloe, Evan S. Cowit, and David Saponara of counsel), for respondent Daniel Singer, and Paul S. Forster, Staten Island, NY, for respondent Laurence Keiser (one brief filed).



DECISION & ORDER
In a probate proceeding in which Slade & Newman, LLP, and the Law Offices of Ira L. Slade, P.C., petitioned, inter alia, to fix and determine the amount of an attorney's fee, Slade & Newman, LLP, and the Law Offices of Ira L. Slade, P.C., appeal from an order of the Surrogate's Court, Westchester County (Thomas E. Walsh, II, S.), dated December 23, 2015. The order, insofar as appealed from, denied their motion for leave to serve and file a second amended petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, Slade & Newman, LLP, and the Law Offices of Ira L. Slade, P.C. (hereinafter together the appellants), petitioned to fix and determine the amount of an attorney's fee pursuant to SCPA 2110 and to enforce an attorney's charging lien pursuant to Judiciary Law § 475. Thereafter, the appellants moved pursuant to CPLR 3025(b) for leave to serve and file a second amended petition. The Surrogate's Court, inter alia, denied the appellants' motion.
The Surrogate's Court providently exercised its discretion in denying the appellants' motion for leave to serve and file a second amended petition. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid [*2]of merit (see Silverman v Potruch & Daab, LLC, 142 AD3d 660, 661; Scofield v DeGroodt, 54 AD3d 1017, 1018). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572). Here, the Surrogate's Court providently exercised its discretion in denying the appellants' motion for leave to serve and file a second amended petition, as the proposed amendments were palpably insufficient or patently devoid of merit (see Mastrokostas v 673 Madison, LLC, 109 AD3d 459, 460).
In light of our determination, we need not reach the appellants' remaining contentions.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court