State Farm Fire & Cas. Co. v Pulse Creative, LLC (2022 NY Slip Op 05934)

State Farm Fire & Cas. Co. v Pulse Creative, LLC

2022 NY Slip Op 05934

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 160973/19 Appeal No. 16502 Case No. 2021-04112 

[*1]State Farm Fire & Casualty Company as Subrogee of Tillamock N.V., Inc., Plaintiff-Appellant,
v
Pulse Creative, LLC, Defendant-Respondent.

Stuart D. Markowitz, P.C., New York (Thomas Torto of counsel), for appellant.
Law Offices of Fishman and Cabrera, Tarrytown (Robert Adamo of counsel), for respondent.

Order, Supreme Court, New York County (James D'Auguste, J.), entered on or about October 14, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff insurer's claim for damages arising from a burst water pipe, which caused damage to the demised premises and to parts of the building outside the demised premises, is barred by the provision of the lease waiving both parties' rights of subrogation. Repairs to the building outside the demised premises were within the ambit of the provision, which states that the waiver of subrogation "shall be deemed to include any loss or damage to the demised premises." Lease provisions waiving subrogation rights have been found to apply to any loss to the tenant's property resulting from covered hazards, not only loss within the demised premises (see e.g. Kaf-Kaf, Inc. v Rodless Decorations, 90 NY 2d 654, 660 [1997]; Cresvale Intl. v Reuters Am. , 257 AD2d 502, 505 [1st Dept 1999]). Plaintiff acknowledges that the damage arose from a condition within the demised premises, and asserts that defendant had the obligation to maintain or repair the condition. Thus, this loss arises out of the landlord-tenant relationship and falls squarely within scope of the broad waiver provision (see Atlantic Mut. Ins. Co. v Elliana Props. , 261 AD2d 296, 296 [1st Dept 1999]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022