Broomes v Legal Aid Socy. of N.Y. City, Inc. (2022 NY Slip Op 06101)

Broomes v Legal Aid Socy. of N.Y. City, Inc.

2022 NY Slip Op 06101

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-05253
 (Index No. 506230/20)

[*1]Livingstone Broomes, appellant,
v
Legal Aid Society of New York City, Inc., et al., respondents.

Levitt & Kaizer, New York, NY (Richard W. Levitt and Zachary Segal of counsel), for appellant.
Herrick, Feinstein LLP, New York, NY (Peter I. Livingston of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 1, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover nonpecuniary damages and denied the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages for gross negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2020, the plaintiff commenced this legal malpractice action against the defendants, the Legal Aid Society of New York City, Inc., and Paul Liu, seeking both pecuniary and nonpecuniary damages. The complaint alleged that the defendants were negligent in their representation of the plaintiff in a prior criminal action in which he was convicted of a crime upon his plea of guilty and sentenced to a term of imprisonment. The plaintiff's conviction in that action was vacated in 2019 on the ground of ineffective assistance of counsel, and the indictment was dismissed.
Following joinder of issue, the defendants moved, inter alia, for summary judgment dismissing so much of the complaint as sought to recover nonpecuniary damages on the ground that nonpecuniary damages are not available in an action for legal malpractice, and the plaintiff cross-moved for leave to amend the complaint to add a cause of action to recover damages for gross negligence. In an order dated July 1, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover nonpecuniary damages and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover nonpecuniary damages. Generally, recovery for legal malpractice is limited to pecuniary damages (see [*2]Dombrowski v Bulson, 19 NY3d 347; Dawson v Schoenberg, 129 AD3d 656, 658; Young v Quatela, 105 AD3d 735, 736; Brownell v LeClaire, 96 AD3d 1336; Wolkstein v Morgenstern, 275 AD2d 635, 637).
Further, we need not determine whether, as the plaintiff argues, nonpecuniary damages are recoverable when legal malpractice results from an attorney's gross negligence, since, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint to assert a cause of action for gross negligence. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Silverman v Potruch & Daab, LLC, 142 AD3d 660, 661). Here, the allegations in the proposed amended complaint were palpably insufficient to state a cause of action for gross negligence (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824; Chan v Counterforce Cent. Alarm Servs. Corp., 88 AD3d 758, 759).
The plaintiff's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court