AIG Prop. Cas. Co. v SF Constr. Servs., Inc. (2023 NY Slip Op 05442)

AIG Prop. Cas. Co. v SF Constr. Servs., Inc.

2023 NY Slip Op 05442

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 150165/17 Appeal No. 910-910A Case No. 2022-03712 

[*1]AIG Property Casualty Company as Subrogee of Amy Irving, Plaintiff-Respondent,
v
SF Construction Services, Inc., Defendant-Appellant, A&J Wood Floors, Inc., Defendant. [And A Third-Party Action]

Barlett LLP, Melville (Matthew J. Minero of counsel), for appellant.
Gwertzman Lefkowitz Smith & Sullivan LLP, New York (David S. Smith of counsel), for respondent.

Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about July 15, 2022 and July 5, 2023, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff SF Construction Services, Inc.'s (SFCS) motion for summary judgment to the extent it seeks dismissal of the part of plaintiff's complaint to recover damages to portions of its insured's property that were beyond the areas of SFCS's work, unanimously affirmed, without costs.
The court properly declined to grant defendant summary judgment dismissing the complaint in its entirety, as the waiver of subrogation clause in the contract between plaintiff's insured, Amy Irving, and SFCS barred only part of plaintiff's right to recovery. The waiver of subrogation clause waived all claims for damages caused by fire "to the extent covered by property insurance obtained pursuant to Section 17.3 or other property insurance applicable to the Work." A plain reading of the clause, in conjunction with the relevant insurance procurement provisions, evince an intent that it bar subrogation "only for those damages covered by insurance which [Irving] has provided to meet the requirement of protecting [SFCS's] limited interest in the building — i.e., damages to [SFCS's] Work itself" (S.S.D.W. Co. v Brisk Waterproofing Co. , 76 NY2d 228, 233-234 [1990]). Thus, plaintiff, as the subrogee, may recover for damages to only those portions of the property that were not within the areas of SFCS's work.
Because plaintiff stands in the shoes of its insured, it may also recover the deductible that was paid by Irving (see Kaf-Kaf, Inc. v Rodless Decorations , 90 NY2d 654, 660 [1997]; Gap v Red Apple Cos. , 282 AD2d 119, 124 [1st Dept 2001]; Federal Ins. Co. v Honeywell, Inc., 243 AD2d 605, 606 [2d Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023