Shah v 20 E. 64th St. LLC (2023 NY Slip Op 06226)

Shah v 20 E. 64th St. LLC

2023 NY Slip Op 06226

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 156305/15 Appeal No. 1143 Case No. 2022-01902 

[*1]Hemant Shah, et al., Plaintiffs,
v
20 East 64th Street LLC, Defendant-Respondent, Tri-Star Construction Corp., et al., Defendants, Urban Foundation/Engineering, LLC, Defendant-Appellant.

Mauro Lilling Naparty LLP, Woodbury (Eric Z. Leiter of counsel), for appellant.
Wade Clark Mulcahy LLP, New York (Michael A. Bono of counsel) and Steptoe & Johnson LLP, Washington, DC (John F. O'Connor, of the bar of the State of Virginia, District of Columbia, and State of Maryland, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 31, 2022, which, to the extent appealed from as limited by the briefs, granted defendant 20 East 64th Street LLC's (20 East 64th) motion for contractual indemnification from defendant Urban Foundation/Engineering, LLC, unanimously modified, on the law, to limit Urban Foundation's contractual indemnification liability to 40% of the damages collectible by plaintiffs, and otherwise affirmed, without costs.
In this property damage action, plaintiffs' townhouse, located at 20 East 64th Street, suffered structural damage when a residential building that abutted its property underwent subcellar excavation to create a space for a private bowling alley and other improvements. 20 East 64th, which owned the abutting property, hired defendant Tri-Star Construction Corp. as the general contractor on the renovation project; Tri-Star, in turn, subcontracted with Urban Foundation to perform the excavation work, but allegedly did not require Urban Foundation to monitor the excavation's effects on neighboring buildings' lateral movements.
Before the various trials began in this case (see Shah v 20 E. 64th St., LLC, 198 AD3d 23 [1st Dept 2021]), 20 East 64th moved for summary judgment on its cross-claim for conditional indemnification against Tri-Star and Urban Foundation. By order dated September 26, 2017, Supreme Court (Lynn R. Kotler, J.) granted 20 East 64th's motion, finding conditional common-law indemnification from Tri-Star and Urban Foundation and conditional contractual indemnification from Urban Foundation, and holding that the conditional relief was predicated upon a finding after a trial that the indemnitors negligently damaged plaintiffs' townhouse. A jury then found at one of the trials that Tri-Star and Urban Foundation were both negligent in causing plaintiffs' neighboring residence to incur property damage, with liability apportioned at 60% for Tri-Star and 40% for Urban Foundation. 20 East 64th timely made a posttrial motion for an order directing the parties to include, in the final judgment, language awarding it unconditional contractual indemnification from Urban Foundation.
Supreme Court providently exercised its discretion in accepting and granting 20 East 64th's posttrial motion. We reject Urban Foundation's argument that because 20 East 64th had previously filed another posttrial motion, Supreme Court should have rejected the challenged motion as barred by CPLR 4405, which provides that a posttrial motion shall not be made after an appeal, and by CPLR 4406, which provides that a party may make only one posttrial motion. 20 East 64th's motion did not seek to set aside a verdict or to vacate a judgment; rather, the challenged motion simply sought judicial recognition that the condition called for at the time of the court's September 26, 2017 order was met by the finding at trial that Urban Foundation's negligence had proximately caused plaintiffs' property damages[*2](see CPLR 4404; Prote Contr. Co. v Board of Educ. of City of N.Y., 230 AD2d 32, 39 [1st Dept 1997]; McCarthy v Port of N.Y. Auth., 21 AD2d 125, 127-128 [1st Dept 1964]). Thus, CPLR 4405 and 4406 do not apply. Moreover, the record does not support Urban Foundation's argument that 20 East 64th abandoned its contractual indemnification cross-claim or waived reliance on that cross-claim (see Jin Ming Chen v Insurance Co. of the State of Pa., 165 AD3d 588, 589 [1st Dept 2018], affd 36 NY3d 133 [2020]).
We also reject Urban Foundation's argument that an award of contractual indemnification is precluded by the waiver of subrogation provision in the contract between 20 East 64th and Tri-Star. The waiver provision would apply if 20 East 64th's insurer had satisfied plaintiffs' favorable judgments through 20 East 64th's property insurance coverage, which covered structures erected on its property, not structures on neighboring properties. However, the judgments were satisfied through liability coverage and excess liability coverage (see AIG Prop. Cas. Co. v SF Constr. Servs., Inc., 220 AD3d 590 [1st Dept 2023]; Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp., 106 AD2d 242, 244-245 [1st Dept 1985], affd 66 NY2d 779 [1985]).
Given the circumstances presented here, as well as the limiting language in the contractual indemnification provision of Urban Foundation's subcontract with Tri-Star, Urban Foundation's contractual indemnification liability is appropriately limited to 40% — the amount of liability apportioned to Urban Foundation under the jury's finding (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 527 [1st Dept 2023]; Hedges v Planned Security Services, Inc., 190 AD3d 485, 487-488 [1st Dept 2021], lv dismissed 37 NY3d 1040 [2021]).
We have considered Urban Foundation's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023